# EXHIBIT A

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| INESSA SOYBEL, | * | |
|    *Plaintiff*, | * | Civil Action |
| v. | * | No. 21A01766 |
| ASHTON LENOX SUMMIT | * | |
| APARTMENT ASSOCIATES LP and | * | |
| DESOLA GENERAL SERVICES | * | |
| GROUP, LLC | * | |
|    *Defendants*. | * | |

## COMPLAINT

COMES NOW the Plaintiff, and by and through counsel, hereby states claim against the defendant as follows:

### Jurisdictional Allegations

1.

Plaintiff is a resident of *Lenox Summit Apartments*, located at 2449 E. Club Drive NE, Apt. 315, Brookhaven, GA 30319. By virtue of filing this complaint, she submits herself to the jurisdiction and venue of this court.

2.

Defendant *Ashton Lenox Summit Apartment Associates, LP* and is a foreign limited partnership organized and existing under the laws of the state of Delaware. The principle place of business for this partnership is: 136 Heber Ave, Suite 308, Park City, Utah. This defendant is authorized to and transacts business within this state. Service upon *Ashton Lenox Summit Apartment Associates, LP* may be accomplished by serving a second original of the complaint to the registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia. Said defendant is subject to the jurisdiction and venue of this court.

3.

Defendant *Desola General Services Group, LLC* and is a foreign limited liability company organized and existing under the laws of the state of Washington. The principle place of business for this partnership is: 136 Heber Ave, Suite 308, Park City, Utah. This defendant is authorized to and transacts business within this state. Service upon *Desola General Services Group, LLC* may be accomplished by serving a second original of the complaint to the registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia. Said defendant is subject to the jurisdiction and venue of this court.

**Factual Allegations Common to All Counts**

4.

At all times pertinent hereto, *Ashton Lenox Summit Apartment Associates, LP* owned and operated a residential apartment complex for senior citizens in Dekalb County known as: Lennox Summit Apartments. The property is located at: 2449 E. Club Drive NE, Brookhaven, Georgia.

5.

Prior to October 1st, 2019, *Defendant Desola General Services Group, LLC* renovated apartment 315 of Lennox Summit Apartments. This included renovation of the bathroom floor. The renovation of the bathroom floor resulted in an abrupt change in elevation in the bathroom entrance exceeding .25 inches. This abrupt change in elevation was a tripping hazard. Ms. Soybel reported this dangerous condition to management prior to her injuries.

6.

The abrupt change in elevation was unreasonably dangerous, a condition that was known, or should have been known, to the defendants. The dangerous condition proximately caused the Plaintiff's injury.

7.

Prior to October 1st, 2019, Ms. Soybel reported concern about the abrupt change in elevation as a dangerous condition to management of the apartments, but they failed to effectuate repairs.

8.

Prior to October 1st, 2019, Defendant *Desola General Services Group, LLC* installed a personal emergency pull cord system in apartment 315 of Lennox Summit Apartments. This was intended to allow the resident to obtain assistance in the event of a medical emergency.

9.

On or about October 1st, 2019, Ms. Soybel attempted to enter her bathroom. The change in elevation caused her to fall injuring her shoulders, knees, neck, and back. She attempted to utilize the personal emergency call system, but the pull cord did not activate any alarm or otherwise notify anyone she was in distress. She was stranded without assistance and struggled to get to a telephone to call an ambulance to render aid.

10.

Ms. Soybel reported her initial fall and the dangerous condition to management of Lennox Summit apartments. *Ashton Lenox Summit Apartment Associates, LP* again failed to effectuate repairs.

11.

On or about October 17th, 2019, Ms. Soybel again attempted to enter her bathroom. The change in elevation caused her to fall injuring and/or aggravating injuries to her shoulders, knees, neck, and back. She attempted to utilize the personal emergency call system, but received no assistance. She was forced to crawl on her hands and knees for almost an hour to reach a phone.

## COUNT ONE

(Negligence Claims: *Ashton Lenox Summit Apartment Associates, LP*)

12.

At all times complained of, Defendant *Ashton Lenox Summit Apartment Associates, LP* knew, or in the exercise of ordinary care, should have known of the unsafe, dangerous and defective condition leading into the bathroom in Apartment 315. In particular they had actual and/or constructive knowledge the abrupt change in elevation was a potential tripping hazard and that such condition, if not remedied, created a particular, inherent, intrinsic, and unreasonable risk of physical harm to Ms. Soybel as resident of the premises.

(Negligence Per Se)

13.

The aforementioned floor was in violation of the Life Safety Code (2012 edition) which was adopted by the State of Georgia and City of Brookhaven, specifically:

> 7.1.6.2 Changes in Elevation. Abrupt changes in elevation of walking surfaces shall not exceed ¼ in. (6.3 mm). Changes in elevation exceeding ¼ in. (6.3 mm), but not exceeding ½ in. (13 mm), shall be beveled with a slope of 1 in 2.

14.

The abrupt change in elevation proximately caused the two falls of Ms. Soybel and her resulting injuries.

15.

(Proximate Cause)

Each of the acts or omissions referenced in the paragraphs 12 through 14, singularly, or in a combination with others, constituted negligence that proximately caused Plaintiff injury.

## COUNT TWO

(Negligence Claims: *Desola General Services Group, LLC*)

16.

*Desola General Services Group, LLC* failed to renovate Apartment 315 in accordance with industry standards. Industry standards prohibit abrupt changes in elevation on walking surfaces.

(Negligence Per Se)

17.

Defendant *Desola General Services Group, LLC* had a duty to renovate apartment 315 in compliance with the state building and fire codes. The bathroom floor installed by this defendant was in violation of the Life Safety Code (2012 edition) which was adopted by the State of Georgia and City of Brookhaven, specifically:

> 7.1.6.2 Changes in Elevation. Abrupt changes in elevation of walking surfaces shall not exceed ¼ in. (6.3 mm). Changes in elevation exceeding ¼ in. (6.3 mm), but not exceeding ½ in. (13 mm), shall be beveled with a slope of 1 in 2.

18.

The abrupt change in elevation proximately caused the two falls of Ms. Soybel and her resulting injuries.

19.

(Proximate Cause)

Each of the acts or omissions referenced in the paragraphs 16 through 18, singularly, or in a combination with others, constituted negligence that proximately caused Plaintiff injury.

## COUNT THREE

(Damages)

20.

The aforementioned falls caused Ms. Sobel serious injuries. Plaintiff injured her neck, back and shoulders. More specifically, her injuries include, but are not limited to: a fractured rib, a complex tear of the left meniscus, and a complete tear of the supraspinatus tendon in her right shoulder.

21.

The aforementioned injuries sustained by Plaintiff required medical care and attention. Based upon the information currently held by counsel for the Plaintiff, she has incurred the following medical expenses to date:

| | |
|---|---:|
| Northside Hospital | $13,038.50 |
| Northside Emergency Associates | $1,450.00 |
| Northside Radiology Associates | $580.76 |
| Barbour Orthopaedics | $3,132.76.00 |
| Georgia Clinic | $2,662.00 |
| BenchMark Physical Therapy | $3,449.25 |
| American Health Imaging | $12,275.00 |
| Total | $36,588.27 |

These expenses were incurred for the necessary care and treatment of the injuries to Plaintiff resulting from the fall that constitutes the basis of this action. The charges are reasonable, and were the usual and customary charges made for such services.

22.

Plaintiff's injuries causing her significant pain and suffering and impaired her ability to perform her normal daily functions and leisure activities such as: household chores, exercising, errands, and socializing. Some of these ill effects are permanent and will continue to plague Plaintiff for a long time into the future, if not for her entire life.

### COUNT FOUR

(Expenses of Litigation)

23.

The acts and omissions of the defendants were in bad faith, have been stubbornly litigious or have caused the Plaintiff unnecessary trouble and expense as contemplated by O.C.G.A. § 13-6-11. Pursuant to said provision, Plaintiff is entitled to recover all expenses of litigation, including attorney's fees.

### COUNT FIVE

(Punitive Damages)

24.

The defendants actions showed wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise a presumption of conscious indifference to the consequences. Punitive damages should be awarded in the present case to punish, penalize and/or deter the defendant as provided in O.C.G.A. § 51-12-5.1.

WHEREFORE, Plaintiff prays for the following relief against the defendants:

a. For a trial by **jury** of all issues of fact;

b. For general damages to compensate Plaintiff in an amount to be determined by a fair and impartial jury,

c. For all special damages in an amount to be proved at trial;

d. For all costs of litigation, including attorney's fees.

e. For Punitive damages in an amount sufficient to punish, penalize and/or deter the defendant as provided in O.C.G.A. § 51-12-5.1.


Respectfully Submitted by:

*/s/ Michael M. Calabro*

Michael M. Calabro
Ga. Bar No. 102440
Stephen C. Berger
Georgia Bar No. 622866
Marina Melman
Georgia Bar No. 457903

Melman Law Group, LLC
1801 Macy Drive
Roswell, GA 30076
(770) 999-9480
michael@melmanlawgroup.com
stephen@melmanlawgroup.com
marina@melmanlawgroup.com

STATE COURT OF
DEKALB COUNTY, GA.
4/12/2021 11:02 AM
E-FILED
BY: Monica Gay